**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Case Nos. 21-cr-332-JMC & 21-cr-537-JMC-3** |
| **PAUL RUSSELL JOHNSON** *et al.*, | : | |
| | : | |

**PAUL RUSSELL JOHNSON'S RESPONSE TO PRE-TRIAL SERVICES REPORT**

  Paul Russell Johnson, through counsel, files this Response to the Pre-Trial Services' Report regarding Mr. Johnson (21-cr-332-JMC, ECF No. 84). In the Pre-Trial Services ("PTS") Report, dated March 14, 2022, PTS contends that Mr. Johnson has "reported minutes later" and missed check-ins through the SmartLINK mobile application. Pre-Trial Servs. Rep. at 3, 21-cr-332-JMC, ECF No. 84. The PTS Report omits, however, that Mr. Johnson has repeatedly corresponded via email with U.S. Pre-Trial Services Officer Tanya Smith ("USPTO Smith"), the PTSO supervising Mr. Johnson in the Eastern District of Virginia, regarding the issues that he has had using the SmartLINK application, with which he often submitted photo documentation of his location and/or screen captures of the SmartLINK application on his mobile phone documenting the issues with his attempts to check-in. *See* E-mails between P. Johnson & PTSO Smith, Ex. 1.

  In addition, SmartLINK transmits check-in requests to Mr. Johnson randomly, at any time, day or night. Mr. Johnson owns and operates a tree trimming business, which requires him to climb trees, use chainsaws, and perform other activities during which he cannot stop what he is doing the moment he receives a notification from SmartLINK to check-in. For example, if Mr. Johnson is in a tree trimming its branches, be must first climb down the tree before he can safely respond to the request to check in via SmartLINK. As a result, Mr. Johnson may, on occasion, check in a few minutes after receiving the notification. This is reflected in USPTO Smith's initial statement

from February 24, 2022, that Mr. Johnson "has been in compliance" and that "there have been some late check ins but none to the point where she deemed it to be a violation."[1] Pre-Trial Servs. Rep. at 3.

> PTS contends further contends:
>
> On March 11, 2022, Pretrial Services received a call *from a member of the community* confirming the *suspicions that Pretrial had* regarding the lag times with the defendant's check ins. Over this past weekend it was reported that the defendant was located at a restaurant (Uncle Julio's) down the street from his church. It is noted that the defendant had a Smartlink return call and had to run down the street to take a picture in front of the church that he has been allowed to attend. It has been reported that on January 20, 2022, the defendant traveled one and a half hours away from his home (unauthorized) to retrieve some mules. USPSO Tanya Smith indicated that she did not give the defendant permission to travel on that date and she also confirmed that there are mules on the defendant's premises.

Pre-Trial Servs. Rep. at 3 (emphasis added). PTS does not identify the "member of the community" who made this report about Mr. Johnson. However, in a telephone conversation with Pre-Trial Services Officer Andre Sidbury ("PTSO Sidbury") on March 16, 2022, PTSO Sidbury stated that the "member of the community" is Mr. Johnson's ex-wife. Prior to learning this information, Mr. Johnson had reason to believe that his ex-wife was the "member of the community" as the date of the report to PTS—March 11, 2022—coincided with the date of a custody dispute over their son. *See* Text message exchange between P. Johnson and ex-wife (Mar. 11–12, 2022), Ex. 2. In fact, in the text message exchange, Mr. Johnson's ex-wife mentions the fact that he is on "federal probation and cannot leave the state," showing her knowledge that Mr. Johnson is on pre-trial release. *Id.* Based on this exchange, and the contentious nature of Mr. Johnson's custody dispute

---

[1] It was defense counsel's understanding that because Mr. Johnson did not have any violations, he was in compliance with the conditions of his release. As a result, defense counsel represented that Mr. Johnson was in compliance with the conditions of his release from May 7, 2021 to March 8, 2022 in his Motion to Modify Conditions of Release. Mot. to Modify Conds. Of Release ¶ 8, ECF No. 83.

with his ex-wife, it is reasonable to infer that she reported false information to PTS regarding Mr. Johnson's purported violations of his conditions of release. But PTS has taken this single report—that is most likely from Mr. Johnson's vindictive ex-wife—to be true and used it to confirm its "suspicions." As a result, PTS is now seeking to place Mr. Johnson back on Global Position System ("GPS") monitoring. Pre-Trial Servs. Rep. at 3.

Based on the foregoing, Mr. Johnson respectfully requests that the Court deny Pre-Trial Services' request to place him back on GPS monitoring and grant his Motion to Modify Conditions of Release (21-cr-332-JMC, ECF No. 84) to permit him to take his son to football camp in Clemson, South Carolina. Placing Mr. Johnson on GPS monitoring will not only hamper his ability to do his physical job, but also it will compromise his ability to retain the counsel of his choice under the Sixth Amendment by reducing his ability to earn income. Mr. Johnson has no criminal record, is presumed innocent, and has waited over 300 days to try his case.

Dated: March 16, 2022 Respectfully submitted,

/s/
_____
Kobie Flowers (Bar No. 991403)
BROWN GOLDSTEIN & LEVY, LLP
1717 K Street, NW, Suite 900
Washington, DC 20006
Tel: (202) 742-5969
Fax: (202) 742-5948
kflowers@browngold.com


Monica Basche (Bar No. MD0105)
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
mbasche@browngold.com

*Counsel for Paul Russell Johnson*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of foregoing filing was served on all counsel of record via email.


Date: March 16, 2022      */s/ Kobie Flowers*
               Kobie Flowers