IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-537 (JMC) |
| | ) | |
| PAUL JOHNSON | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MR. JOHNSON'S OBJECTIONS TO THE GONVERMENTS PROPOSED EXHIBITS

Paul Johnson, through counsel, respectfully submits the following objections to the governments proposed exhibits.

I.    *Mr. Johnson objects to the compilation videos noticed by the government.*

Mr. Johnson moves the Court to preclude the government from introducing largely irrelevant and prejudicial compilation videos regarding the events of January 6, 2021. These videos are replete with hearsay and their admission would violate the defendants' Sixth Amendment right to confront witnesses against them. The government's preliminary exhibit list noticed a number of lengthy videos, including documentary style videos that include a complete episode of an HBO production about January 6, homemade videos, and montages compiled by the government. Large segments—the vast majority—of these videos have no relevance to the specific events at issue in this trial, and those portions should be excluded on relevance grounds alone. More substantially, the videos contain narration and third-party interviews, the admission of which would violate the Federal Rules of Evidence and deny Mr.

Johnson and other defendants their constitutionally guaranteed right to confront witnesses against them.  *See* Fed. R. Evid 802; U.S. Const. amed. VI.  Further, even if the compilation videos hold *some* evidentiary weight, any probative value of admitting them in full would be substantially outweighed by unfair prejudice, confusion of the issues, undue delay, and needless presentation of cumulative evidence.  Fed. R. Evid. 403.[1]

II.     *The government's proposed overview exhibits.*

The government has noticed two proposed overview exhibits.  Exhibit 101 is a montage of Capitol Police CCTV footage and exhibit 102 is a montage of House and Senate floor cameras.  This Court should exclude both.

The Capitol Police montage video, which is approximately half an hour long, shows, among other things, protestors breaking windows to enter the Capitol, protestors pushing open Capitol doors, struggles with officers at the entrance to the Capitol, objects being thrown inside the Capitol building, and a struggle between protestors and police in a tunnel.  In other words, it highlights the activities of individuals who are not Mr. Johnson (or his codefendants), engaging in actions that

---

[1]     In conversations with defense counsel, the government has acknowledged these issues with the compilation videos and has advised that it will identify specific segments from them for admission—albeit not by the initial deadline to identify exhibits, which has already passed.

To the extent the segments identified are relevant to the specific facts at issue and exclude third party commentary or statements, Mr. Johnson will likely agree to their admissibility. In that case, Mr. Johnson would withdraw his objection, other than to the government's failure to notice them (and, potentially, objections on grounds such as cumulativeness or undue prejudice, which cannot be evaluated before specific segments are identified).

Mr. Johnson took no part in.  The primary allegations in this case center on a brief encounter at Peace Circle, at the very perimeter of Capitol property, between a large number of individuals and Capitol Police officers.  *See* ECF No. 245, Counts 1-10.  The indictment also alleges criminal liability for discrete individual acts of codefendants after the events at Peace Circle, but none of those events involve Mr. Johnson.  *Id.* at Counts 11-15.  The Capitol Police compilation video does not make it more or less probable that Mr. Johnson, engaged in the alleged conduct, Fed. R. Evid. 401 & 402, and any possible probative value is far outweighed by unfair prejudice, confusion of the issue, undue delay, and the needless presentation of cumulative evidence.  Fed. R. Evid. 403.

Courts have found this type of "background" information inadmissible when it is not relevant for any other purpose.   In *United States v. Evans*, 216 F.3d 80, 87 (D.C. Cir. 2000), the government tried to offer "background" testimony to give a complete picture of the events.   However, the court explained that "no matter how important it is for the government to present a complete, morally compelling narrative, it must present that narrative through admissible evidence…."  *Id.* at 86.  Given the graphic nature of the video, which depicts acts of violence that are irrelevant to this case because they do not include the defendants, the Court should exclude the Capitol Police compilation video.  That is especially true because there are evidentiary alternatives available to the government—there are countless videos depicting the exact actions of each defendant on January 6, and many of those are separately identified as government exhibits.  *See Old Chief v. U.S.*, 519

U.S. 172, 182-183 (1997) (where alternative evidence exists that has "substantially the same or greater probative value but a lower danger of unfair prejudice," the more prejudicial evidence should be excluded). The government can admit in evidence any video depicting Mr. Johnson (or his co-defendants), as long as it is relevant to the charges. It has no need—and can identify no basis in the Federal Rules of Evidence—to show footage of others' conduct on that day, which is both irrelevant and prejudicial.

For the same reasons, the Court should preclude the government from presenting its other overview exhibit—an approximately 9-minute-long House and Senate compilation video that narrates the events that transpired while the House and Senate were in session on January 6, 2021. The video includes the reactions of frightened lawmakers when protesters (not charged in this case) banged on doors causing an evacuation. Like the footage described above, this compilation relates to events not charged in this indictment.[2] It includes irrelevant footage that is unduly prejudicial and confuses the relevant issue. Fed. R. Evid. 401, 402, & 403. The government has other means of introducing any relevant evidence, without showing an edited film, including reactions to conduct that cannot be attributed to Mr. Johnson.

---

[2]     It is alleged that only one of the defendants charged here—not Mr. Johnson— went into the Capitol building. And the overview exhibit does not relate to his conduct, but to events within the Capitol building generally.

III.    *Cell phone evidence.*

A.  Mr. Johnson's Cell Phone Extraction.

The government seeks to enter in evidence five pieces of evidence extracted from Mr. Johnson's phone: exhibit 1106 contains two calendar entries and a single text message, and exhibit 1107 contains a text message sequence and a notification of a change in SIM card. None of these items are relevant, and they should all be excluded.

In exhibit 1106 the government noticed two calendar entries identifying stays at Washington, DC, hotels: one at the Trump International Hotel in December of 2020 and a second at a hotel in the District on the night of January 6, 2021. The first entry is wholly irrelevant to any material fact at issue in this case. Fed. R. Evid. 401 & 402. Whether Mr. Johnson previously stayed at a Trump-named hotel has no bearing on the events of January 6, 2021. Any evidentiary value of a presumed stay at a Trump Hotel prior to the events at issue in this case would be character evidence— an assumption by the government that, because Mr. Johnson stayed at a Trump hotel in the past, he was more likely to commit the alleged acts on January 6, 2021. This is exactly the sort of evidence expressly prohibited by Federal Rule of Evidence 404. Accordingly, the Court should preclude this exhibit (and, even if it were somehow admissible under a Rule 404 exception—which it is not—the government has provided no such notice, which would be required for admission on that ground).

As to the latter stay at a D.C. hotel on January 6, Mr. Johnson will not contest at trial that he is the person the government contends he is in the videos taken on

January 6, 2021, at Peace Circle (indeed, Mr. Johnson is currently negotiating a stipulation with the government to that effect).  Given that Mr. Johnson does not and will not contest that he was in Washington, DC, on January 6—and indeed at the location of the charged events—admitting a calendar entry showing that he stayed at a hotel in Washington, DC, that night would be cumulative, unnecessary, and would result in undue delay.  It should therefore be excluded pursuant to Federal Rule of Evidence 403.

Finally, in exhibit 1106 the government noticed a single text message Mr. Johnson received apparently in March of 2021.  The text message, from a third party ("Hey my friend. You moved. Nothing important. Where are you now? Trump is coming out soon, I think. Let me know what's going on Patriot."), does not appear to refer to the events of January 6, 2021, or any fact that would be relevant to a material fact at issue in this case.  Further, this is an out-of-court statement by a third party that does not fall within any of the exceptions to the rule against hearsay.  As a result, the Court should preclude admission of this text message under Federal Rule of Evidence 401, 402, 801 and 802.

In exhibit 1107 the government noticed a message Mr. Johnson's phone received noting a change in SIM card and a message received in March of 2021 with a news article entitled "Courts find many Capital Protestors only guilty of Tresspas[s]ing!" as well as Mr. Johnson's response to the message "I seen that."  An automated message received by Mr. Johnson's phone noting a SIM card change is not relevant and should be precluded under Rules 401 and 402.  Mr. Johnson's note that

he had "seen" an article regarding the prosecution of persons present during January 6, 2021, is similarly irrelevant and should also be precluded under Rules 401 and 402. Were Mr. Johnson to contest his presence in Washington, DC, on that date, such a message exchange, pre-dating his arrest, might be relevant to show that he was closely following the legal proceedings relating to January 6 (although that would be true of tens of millions of Americans, and therefore of minimal significance even in that case). Because Mr. Johnson will not contest his presence on the Capitol grounds on January 6, however, any evidentiary value derived from Mr. Johson receiving (and/or seeing) a news article about the prosecution of others is not only irrelevant, but far outweighed by possible prejudice. Fed. R. Evid. 403.

  B. *Third-Party Cell Phone Extraction.*

  The government intends to introduce into evidence portions of Mr. Johnson's wife's cell phone extraction as noticed in exhibit 1105. Mr. Johnson objects to most of this noticed exhibit. The cited portions are irrelevant to any material fact at issue and thus inadmissible under Federal Rules of Evidence 401 & 402, and impermissible character evidence in violation of Rule 404. Finally, to the extent any limited evidentiary value might exist, it would be substantially outweighed by unfair prejudice. Fed. R. Evid. 403.

  First, Mr. Johnson objects to a photograph on the third-party cell phone of an image of a shirt with the script "proud boys did nothing wrong." A photo on a third-party phone of a T-shirt is irrelevant to any material fact, could very well constitute impermissible character evidence, and is unduly prejudicial. Its admission would

also raise serious First Amendment concerns—even assuming that Mr. Johnson's wife's First-Amendment-protected views were somehow admissible in this trial (and that this image accurately reflects her viewpoint), using the photo against Mr. Johnson would imply guilt by virtue of his association with her in violation of his freedom of association, a distinct right protected by the First Amendment. The Court should preclude the government from introducing this image into evidence.

Second, the government noticed several text messages to which Mr. Johnson was not a party. This includes mass marketing messages his wife received, as well as messages between Ms. Johnson and third parties. There is no indication that Mr. Johnson was a party to these messages, or ever viewed them. These messages are irrelevant to any material fact. Fed. R. Evid. 401 & 402. Further any statements from third-parties, or between third parties and Ms. Johnson, are hearsay to the extent they are offered for the truth of the matters asserted and should be independently excluded for that reason under Fed. R. Evid. 801 and 802.

Third, the government seeks to enter a series of messages allegedly sent between Mr. and Ms. Johnson prior to January 6, 2021, regarding (1) their plans to book a hotel room in the District around January 6, 2021, and (2) whether an unidentified person will be at their hotel. As noted above, because Mr. Johnson does not dispute his presence in Washington on January 6, neither of these message series is relevant to any material fact, and both should therefore be excluded. Fed. R. Evid 401 & 402.

Fourth, the government seeks to enter an alleged message between Mr. and Ms. Johnson where Ms. Johnson writes "So I have a feeling the 6th is going to be crazy. Even ali sounds like he's ready to storm the capitol."  Ms. Johnson's statement is hearsay to the extent it is offered for the truth and is in any event irrelevant and prejudicial.  Accordingly, it should be excluded under Fed. R. Evid. 401, 402, 403 and 802.

Fifth and finally, the government seeks to introduce message exchanges post January 6, 2021, with news articles relevant to that day.  As noted above, Mr. Johnson will not contest his presence on Capitol grounds on January 6, 2021. Accordingly, any evidentiary value derived from the alleged receipt of these news articles is far outweighed by possible prejudice. Fed. R. Evid. 403.

IV.    *Redaction to Co Defendant's Statements.*

The government noticed over 10 exhibits of various interviews that co-defendant Ryan Samsel gave to the media.  Mr. Johnson will seek redactions, pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), and its progeny, of any references to Mr. Johnson. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987).  The defense understands from government counsel that the government will not seek introduction of the entirety of the interviews; once the final exhibits have been identified, Mr. Johnson will seek to reach agreements with the government regarding redactions and bring any unresolved objections to the Court expeditiously.

V.    *Medical Records.*

In exhibits 805-807 the government noticed numerous medical records pertaining to Officer C.E.  While Mr. Johnson does not object to Officer C.E.'s statements to medical providers made for the purposes of a medical diagnosis or treatment, *see* Fed. R. Evid. 803(4), the remaining statements in the medical records should be redacted unless the government can identify a relevant hearsay exception under which they would be admissible, or an evidentiary purpose other than the truth of those statements.

VI.    *Other Objections.*

Mr. Johnson further objects to the following exhibits noticed by the government:

1.  Exhibit 091: Mr. Johson objects under Rules 401, 402, and 403 to the image of a single figure, standing alone, in a rendering of the capital. This is not a fair and accurate representation of the view an individual had on the date in question and fails to account for the crowds and officers present.

2.  Exhibit 611: Mr. Johnson objects to the circles and arrows drawn on this exhibit but would not object to admission of a clean version of the photograph.

3.  Exhibits 1006-1011 (physical evidence seized at the time of Mr. Johnson's arrest):  As already noted, Mr. Johnson expects to reach a stipulation regarding his identity that would establish his presence at the location of the conduct with which he is charged in the Indictment.  As a result, all the

physical items noticed, which are clothing articles and personal items in his possession matching the items he wore on January 6, would be cumulative under Federal Rule of Evidence 403.  Further, Mr. Johnson objects to the introduction of his backpack and corresponding patches and stickers.  The patches and stickers are irrelevant under Rules 401 and 402, and any possible relevance is far outweighed by the undue prejudice admission of the stickers and patches would cause.  Fed. R. Evid 403.

Dated: October 2, 2023.

Respectfully Submitted,

/s/ Lauren E. S. Rosen
Lauren E. S. Rosen
Todd Richman
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0800
(703) 600-0880 (fax)
Lauren_Rosen@fd.org