UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:21-cr-537 (JMC) |
| | ) | |
| PAUL RUSSELL JOHNSON, | ) | Trial: October 23, 2023 |
| | ) | |
| Defendant. | ) | |

## PAUL RUSSELL JOHNSON'S
## MOTION TO STRIKE GOVERNMENT EXHIBIT 526

At 10:31 p.m. on October 18, 2023, the government for the first time noticed for use at trial a recorded interview of Mr. Johnson. This was not newly obtained information—the government described the video and transcribed the interview in the Statement of Facts filed in support of an arrest warrant for Mr. Johnson in April, 2021—*more than 30 months ago.  See* 1:21-mj-367, Dkt. # 1-1 at 8-9.  Because it is largely irrelevant to the issues at trial, defense counsel had intended—if the government noticed it for use at trial—to move *in limine* to exclude the video (or at least most of it) as inadmissible propensity evidence.  But the government did not list the video in its Preliminary Exhibit List on September 13, 2023.  Nor was it included in the government's updated list on October 5, 2023.  Instead, after the deadline set by the Court for pretrial disclosures, the government finally noticed it for use at trial well after business hours on the Wednesday evening before a Monday morning trial. It is now too late for a fulsome motion in limine, and the government should be precluded from engaging in trial by ambush.  Accordingly, proposed government exhibit 526 should be stricken for use at trial.

## FACTUAL BACKGROUND

As already noted, the video now identified as Gov. Exh. 526 has been known to the government since at least April 12, 2021, when it described the video and transcribed portions of it in a submission to the Court. This case (and a related predecessor case) have been pending against Mr. Johnson for two and a half years.

When the current trial date of October 23 was scheduled, this Court ordered trial exhibits to be disclosed by September 13, 2023 (*see* Dkt. # 253). Subsequently, by agreement of the parties and with approval of the Court, that date was extended to September 25, 2023. *See* Dkt. # 268 (joint proposal); *see also* email from Chambers to all counsel dated Oct. 5, 2023 (accepting dates in joint proposal). As noted above, the government shared proposed exhibit lists with the defense on both September 13, 2023, and again October 5, 2023, but neither contained the video now identified as Exhibit 526.

## ARGUMENT

At this late date, there is insufficient time for defense counsel to draft and submit the fulsome motion in limine that would have been submitted had the government timely identified this video as a proposed trial exhibit. Indeed, defense counsel inferred from its exclusion from earlier exhibit lists that the government had decided against even offering the exhibit in recognition that, to the extent the video was admissible, it held little evidentiary value, and would be unduly prejudicial.

The video is of limited relevance to the issues at trial, as Mr. Johnson will not contest his presence at Peace Circle on January 6, 2021. Moreover, those events are

captured on multiple videos which the government will admit into evidence during trial. Accordingly, to the extent the interview has any relevance to a material fact at issue, it would be to issues that are stipulated—Mr. Johnson's presence among the crowd in that location—and displayed on video. Clearly, the latter forms of evidence are significantly better evidence of what happened than Mr. Johnson's statements in an after-the-fact interview, especially as the contents of the statement are mainly braggadocio and demonstrably false.[1]

To be sure, the interview is non-hearsay under Fed. R. Evid. 801(d)(2), but that merely overcomes a hearsay objection—it does not make the contents relevant and admissible.[2] Here, and regardless of any evidentiary issues, the Court should exercise its discretion to strike this proposed exhibit due to the untimely notice. Striking an exhibit due to untimely notice is well within the Court's discretion. *See Klayman v. Judicial Watch, Inc.*, 802 F.Supp.2d 137 (D.D.C. 2011).[3]

---

[1] Specifically, the statements in the interview suggest that after the events at peace circle, Mr. Johnson was throwing things at and fighting with police officers—claims that are not borne out by the comprehensive video of that day, which shows that Mr. Johnson did not engage in any such conduct.

[2] There is no rule of evidence that allows the admission of demonstrably false boasts regarding non-existent misconduct. In other words, the claims in the video that go beyond the specific conduct with which Mr. Johnson is charged are purely inadmissible propensity evidence.

[3] *Klayman* involved a more egregious and comprehensive violation of the Court's pretrial orders than that presented here—but the remedy requested for the violation here is dramatically narrower than Judge Kollar-Kotelly ordered there, where the entirety of a party's affirmative evidence was stricken.

Respectfully submitted,

PAUL RUSSELL JOHNSON
By Counsel,


/s/ Lauren E. S. Rosen
Lauren E. S. Rosen
Todd M. Richman
Assistant Federal Public Defenders
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0800
(703) 600-0880 (fax)
Lauren_Rosen@fd.org
Todd_Richman@fd.org