UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :  CASE NO. 21-cr-53 (JMC) |
| | : |
| PAUL RUSSELL JOHNSON, | : |
| STEPHEN CHASE RANDOLPH, | : |
| JASON BENJAMIN BLYTHE, | : |
| | : |
| Defendants. | |

UNITED STATES' MEMORANDUM ON
DEFENDANTS' PRE-SENTENCING DETENTION

Defendants Paull Russell Johnson, Stephen Chase Randolph, and Jason Benjamin Blythe were convicted of violating, among other statutes, 18 U.S.C. § 111(b), which prohibits assault on a federal officer with a deadly or dangerous weapon or by inflicting bodily injury. They are scheduled to be sentenced in four months, on June 13, 2024. At issue is whether the defendants must be detained before that sentencing.

*The Law Mandates That Defendants Shall Be Detained Pending Sentencing.*

18 U.S.C. § 3143 governs the matter, and states that for a person found guilty and awaiting sentencing:

> (2) The judicial officer <u>shall</u> order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>     (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>     (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>     (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added). Subsection (a)(2)(A) presents a disjunctive: for a defendant to avoid presentencing detention, the judicial officer must find that there is a substantial

1

likelihood that a motion for acquittal or new trial will be granted, or the government must recommend that no sentence be imposed. Neither is the case here.

Whether the defendants must be detained thus rests on whether assault is one of the crimes described in 18 U.S.C. § 3142(f)(1)(A)-(C). Among other violations, the statute includes any "crime of violence" as a basis for detention. 18 U.S.C. § 3142(f)(1)(A).

Johnson initially appears to concede that 111(b) is a crime of violence. *See* ECF 343 at 1 (noting that 111(b) is "an offense generally deemed a crime of violence"). In a footnote, however, Johnson argues that, in this case, defining deadly or dangerous weapon, with the use of the word "capable of causing death or serious bodily injury," instead of "likely to cause death or serious bodily injury" injected a recklessness component, which meant that under *Borden v United States,* 593 U.S. 420 (2021), Section 111(b) was no longer a crime of violence. ECF 343 at 2-3, n.1. Johnson cites no authority and scant reasoning for his assertion that use of the word "capable" rather than "likely" injected a *mens rea* component of recklessness.

Whether an offense is a crime of violence depends on its elements, and not how the crime was actually committed. This approach is modified where the statute in question states more than one separate or "divisible" offense. Section 111 is divisible, s*ee e.g., United States v. Klein*, 533 F.Supp.3d 1, 9 (D.D.C. 2021) (collecting cases), which then allows the Court to consider the language of the indictment and jury instructions in its evaluation. In this case, the Section 111 legal instruction requires that the defendants "did such acts [i.e., assault, etc.] voluntarily and intentionally." ECF 313 at 9. Moreover, Courts have consistently construed Section 111 to require that a defendant act intentionally. *See United States v. Feola*, 420 U.S. 671, 684 (1975) (Section 111 requires proof of intent to assault); *United States v. Arrington*, 309 F.3d 40, 44-45 (D.C. Cir. 2002) (defendant must use the weapon intentionally). In *Arrington*, the D.C. Circuit reached this

conclusion while defining a dangerous weapon as one "capable" of causing serious bodily injury or death and used by the defendant in that manner. *See also United States v. Newman*, No. 23-3120, 2023 WL 8520092, at *3 (10th Cir. Dec. 8, 2023) (conviction under § 111(b) necessarily requires a finding that the defendant intentionally used, attempted to use, or threatened to use physical force against the person of another).

Johnson cites *Borden* to support his position. ECF 343 at 2, n.1. However, "[s]ince *Borden*, every court to decide the question has concluded that 111(b) cannot be committed recklessly." *Farmer v. United States*, Civil No. 22-cv-203-LM ---F.Supp.3d ---, 2023 WL 5237907 (D. N.H. Aug. 15, 2023) (collecting cases). Because Section 111(b) cannot be committed recklessly, it qualifies as a crime of violence. Courts in this district have concluded as much. *United States v. Quaglin*, 851 F. App'x 218, 219 (D.C. Cir. 2021) ("Appellant is charged with violating 18 U.S.C. § 111(b) – an offense which is categorically a crime of violence." (citing *Gray v. United States*, 980 F.3d 264, 268 (2d Cir. 2020); *United States v. Brockhoff*, 590 F. Supp. 3d 295, 301–02 (D.D.C. 2022) ("Defendant does not dispute that he is eligible for pretrial detention pursuant to § 3142(f)(1)(A) for having been indicted for a crime of violence, specifically for assaulting, resisting, or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b)."); *United States v. Brown*, No. 21-MJ-565 (ZMF), 2021 WL 4033079, at *3 (D.D.C. Sept. 3, 2021), *aff'd*, No. 21-3063, 2021 WL 5537705 (D.C. Cir. Nov. 17, 2021) ("Brown is charged with assaulting, resisting, or impeding federal officers using a dangerous weapon in violation of 18 U.S.C. § 111(b). Because that offense is categorically a crime of violence, Brown is eligible for pretrial detention."); *United States v. Fitzsimons*, No. 21-CR-158, 2021 WL 4355411, at *3 (D.D.C. Sept. 24, 2021), *aff'd* No. 21-3069, 2021 WL 6102443 (D.C. Cir. Dec. 17, 2021) ("Among other offenses, Fitzsimons is charged with assaulting, resisting, or impeding

3

federal officers resulting in bodily injury in violation of 18 U.S.C. § 111(b). Because that offense is categorically a crime of violence, Fitzsimons is eligible for pretrial detention."); *United States v. Gieswein*, No. CR 21-24 (EGS), 2021 WL 3168148, at *8 (D.D.C. July 27, 2021), *aff'd*, No. 21-3052, 2021 WL 5263635 (D.C. Cir. Oct. 19, 2021) ("[U]sing a deadly or dangerous weapon while assaulting a federal officer is a crime of violence."); *United States v. Krol*, No. CR 22-110 (RC), 2022 WL 16948611, at *4 (D.D.C. Nov. 15, 2022) ("Among other offenses, Krol has been charged with assaulting, resisting, or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b). Because that offense is categorically a crime of violence, Krol is eligible for pretrial detention."); *United States v. McAbee*, No. CR 21-35-7 (EGS), 2021 WL 6049909, at *7 (D.D.C. Dec. 21, 2021), *reconsideration denied*, No. CR 21-35-7 (EGS), 2022 WL 4016616 (D.D.C. Sept. 3, 2022), *aff'd*, No. 22-3066, 2022 WL 17101252 (D.C. Cir. Nov. 22, 2022) ("[A] defendant charged under 18 U.S.C. § 111(a)(1) and (b) is charged with a crime of violence."); *United States v. Richardson*, No. CR 21-721 (CKK), 2022 WL 252034, at *6 (D.D.C. Jan. 27, 2022) ("Defendant Richardson does not dispute that he is eligible for pretrial detention pursuant to § 3142(f)(1)(A) for having been indicted for a crime of violence, specifically for assaulting, resisting, or impeding certain officers using a dangerous weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b).").

### ***Defendants' Reasons For Release Are Not Exceptional.***

In certain very limited circumstances, "[a] person subject to detention pursuant to section 3143(a)(2), . . . and who meets the conditions of release set forth in section 3143(a)(1) . . ., may be ordered released, under appropriate conditions, by the judicial officer, *if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.*" 18 U.S.C. § 3145(c) (emphasis added). "Once a defendant is convicted of an offense, a different detention

4

statute, with different presumptions [as compared to pre-trial detention], applies—namely, 18 U.S.C. § 3143. In this circumstance, far from promoting liberty, a court is generally required to detain the defendant as the background rule[.]" *United States v. Wiggins*, 613 F. Supp. 3d 348, 353 (D.D.C. 2020) (Jackson, J.)[1] "Congress did not define the term 'exceptional reasons' in the statute, nor did it provide examples, so, naturally, courts have laid out their own standards." *Id*. (denying pretrial release under Section 3145). "[C]ourts typically understand the phrase to mean circumstances that are 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Lovo*, 263 F. Supp. 3d 47, 49 (D.D.C. 2017) (quoting *United States v. Hite*, 12-CR-65, 2013 WL 12158577, at *2 (D.D.C. July 30, 2013), *aff'd*, 540 F. App'x 2 (D.C. Cir. 2013)). Moreover, such exceptional reasons "should set the defendant apart from anyone else convicted of a similar crime or crimes." *United States v. Wise*, No. 3:20-CR-46, 2023 WL 4554091, at *3 (E.D. Tenn. July 14, 2023).

Courts in this and other districts have taken a narrow view of what constitutes "exceptional reasons." Among other things:

- Family hardship caused by incarceration is not an exceptional reason. *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md. 1994); *United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999).

- The lack of a criminal record is not an exceptional reason. *Wages*, 271 Fed. Appx. 726, 727-28 (10th Cir. 2008); *United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir.2004).

- A medical condition is not an exceptional reason. *Rodriguez*, 50 F. Supp. 2d at 722.

---

[1] Some courts have ruled that only courts of appeal can apply 3145(c). *See United States v. Hamm*, 2021 WL 1669973 (giving an overview and textual arguments for the view that district court judges do not have authority to allow release under this provision). *See also United States v. Rausch*, 746 F.Supp.2d 1192 (D. Colorado). This position does not appear to be the majority view in this jurisdiction.

- The need to care for an elderly parent is not an exceptional reason. *United States v. Wages*, 271 Fed. Appx. at 727-28; *see also United States v. Mellies*, 496 F.Supp.2d 930, 937 (M.D. Tenn. 2007) (same).

- A person's employment, family support, and community connections are not exceptional reasons. *Lovo*, 263 F. Supp. 3d at 51; *see also Mellies*, 496 F.Supp.2d at 937 (positive family support is not an exceptional reason).

- Continuing rehabilitative therapy is not an exceptional reason. *United States v. Sharp*, 517 F. Supp. 2d 462, 465 (D.D.C. 2007).

- The desire to spend time with a young child is not an exceptional reason. *United States v. Bryant*, 873 F. Supp. 660, 663 (N.D. Ga. 1994).

- The pregnancy of a teenage daughter is not an exceptional reason. *United States v. Taliaferro*, 779 F. Supp. 836, 838 (E.D. Va. 1992), *aff'd*, 993 F.2d. 1541 (4th Cir. 1993).

- Being employed is not an exceptional reason. *Lea*, 360 F.3d at 403-04.

- A defendant's low flight risk or lack of danger to the community is not an exceptional reason. *Hite*, 72 F. Supp. 3d 29 at 34. *See also United States v. Khan*, 569 F.Supp. 3d 562, 563 (S.D. Tex. 2021) ("Simply put, being a productive and responsible member of society after the commission of an offense opprobrious enough to be subject to the bright-line detention rule of § 3143(a)(2) is no reason to erase that bright line.")

- Compliance with release conditions is not exceptional: *United States v. Geraghty*, 22-096-10 (CKK), 2023 WL 6199085 at *3 (D.D.C. Sept. 22, 2023)(denying release for 24 hours for defendant, whose crime was aberrational, to attend relative's wedding); *United States v. Mahoney*, 627 F.3d 705 (8th Cir. 2010); *United States v. Smith*, 34 F.Supp3d 541, 554 (W.D. Pa. 2014); *United States v. Posada*, 109 F.Supp.3d 911, 916 (W.D. Tex. 2015)

Each defendant offers the following as grounds for his post-conviction, pre-sentencing release:

*Randolph.* Defendant Randolph concedes that 3143 applies to him, but argues that his reasons for release are exceptional. ECF 342. Randolph argues that the events of January 6th were unique; his conduct was aberrant; he abided by the conditions of pretrial release; he has insignificant criminal history; he is a caregiver; and he will be detained in a federal detention facility far from home. ECF 342 at 4-5.

*Johnson.* Defendant Johnson also concedes that 3143 applies to him, but argues that his reasons for release are exceptional. ECF 343. Those reasons include the unique nature of January 6th; aberrant conduct; abiding by the conditions of pretrial release; lack of significant criminal history; running a small business, financially supporting his family, and maintaining primary physical custody of one of his children.[2] ECF 343 at 5-6.

*Blythe.* Defendant Blythe also concedes that 3143 applies to him, but argues that his reasons for release are exceptional. ECF 344. Those reasons include abiding by the conditions of pretrial release; incarceration far from home; aberrant conduct; his part time role as caretaker; and his body type. ECF 344 at 1-2.

The repetitive nature of the defendants' arguments belie their position that their reasons are exceptional. Their reasons do not "set the defendant apart from anyone else convicted of a similar crime or crimes." *Wise, supra*.[3] These defendants are asking for the exception to swallow the rule.

---

[2] This assertion is different from the one made in Court. At the February 2nd hearing, Johnson told the Court that he had sole custody of his child. Now, Johnson says he has primary physical custody of his child. ECF 343 at 5. The government is given to understand that Johnson shares joint legal and physical custody with his ex-wife, though the child lives with Johnson when the child is attending school.

[3] Both at the February 2nd hearing and in his filing, Johnson relies on *United States v. Easterday*, 22-cr-404-JEB. ECF 343 at 8. In his brief, he adds *United States v. Sutton*, 21-cr-598- PLF. *Id.*

7

While everyone can agree that the events of January 6th were unique, that cannot warrant an exceptional designation, or all January 6th defendants, who are not detained for dangerousness or risk of flight, would be released under 3143. Likewise, because the event was unique, every defendant implicated in the events of January 6th could also argue that her or his actions on that day were aberrant.[4] That cannot make that reason is exceptional. Further, many defendants are compliant with the terms of their pretrial release, appear for proceedings as necessary, and are cooperative with the Probation Office. *Hite*, 72 F. Supp. 3d at 33-45 (denying release despite the defendant's record of living in the community under supervision). Although commendable, compliance cannot be exceptional. Such compliance is expected. Likewise, the loss of income, or changes in elder and childcare due to incarceration is something experienced by many families. *See Rodriguez*, 50 F. Supp. 2d at 722 (denying release pending appeal because "unfortunately, family hardship is not an unordinary consequence of incarceration.").[5] At its most basic, the question is what makes these defendants exceptional as against every other defendant who has been found guilty of a crime of violence? The answer is nothing.

---

Reliance on *Easterday* is misplaced. In that case, Chief Judge Boasberg held the decision on detention in abeyance pending a ruling on Easterday's Rule 29 motion. Here, there are no pending Rule 29 motions. In *Sutton*, Judge Friedman was never asked to consider 3143(a)(2) or the 3145 factors.

[4] As to these specific Defendants, it is difficult to see their behavior as aberrant, given that all three of them drove significant distances to then spend hours on restricted Capitol grounds, with Blythe in his camouflage jacket, helmet and body armor resisting removal, Johnson inciting the crowd over his bullhorn, and Randolph later reporting to an undercover that the riot was "fucking fun." Randolph also has a 2011 misdemeanor resisting arrest conviction.

[5] Johnson concedes that "he may be incarcerated at a later date" and would then have to plan for "any change in the child's custody status." ECF 343, 5 at n.3. This trial occurred in October 2023. Johnson was facing multiple assault counts. The verdict issued in February 2024. Johnson had three months to prepare for the likelihood of incarceration if he were found guilty on any of those counts. Apparently, he did not do so. The fact that Johnson did not make plans for the care of his child should not make the reason exceptional. This reasoning also holds true for Randolph's and Blythe's care of elderly adults.

Because a violation of Section 111(b) is categorically a crime of violence, it is one of the crimes included in 18 U.S.C. § 3142(f)(A)-(C). This in turn means that 18 U.S.C. § 3143(a)(2) governs the defendants' pre-sentencing detention. The government will be recommending that a prison sentence be imposed, and there is no substantial likelihood that a motion for acquittal or new trial will be granted. For these reasons, and because none of the defendants can demonstrate extraordinary reasons beyond what many defendants face, they should not be treated differently from other defendants who have been found guilty of a crime of violence and must be promptly detained.

Respectfully submitted,

DATED: February 9, 2024

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Alexandra F. Foster*
Alexandra F. Foster
Assistant United States Attorney
DC Bar No. 470096
880 Front Street
San Diego, CA 92101
(619) 546 6735
Alexandra.Foster@usdoj.gov

Kyle R. Mirabelli
Assistant United States Attorney
DC Bar No. 5663166
601 D Street, N.W. Rm. 6-725
Washington, DC 20530
(202) 252-7884
kyle.mirabelli@usdoj.gov

J. Hutton Marshall
Assistant U.S. Attorney
DC Bar No. 1721890
601 D Street, N.W.
Washington, D.C. 20579
(202) 809-2166
Joseph.hutton.marshall@usdoj.gov